5. Section 1983 allows defendants to be found liable only when they have acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. §1983. If you are suing under Section 1983, explain how each defendant acted under color of federal ~~law~~ law. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach pages if needed

Lorie Davis failed to foresee and provide specialize job training outside of the standard job training, for the influx of African employees, coming from various parts of Africa and has ignored the many complaints that are the results of the abscence of this specialize training not being provided for these Africans, employed for The Texas Department of Criminal Justice, Correctional Institutional Division.

These employees from Africa come from a country whose legal system is vastly different from the legal system in the United States which played a big part in the unconstitutional care, custody, and control rendered by Officer Towobode to Plaintiff, and State Prisoner Robert F. Hallman.

Had Officer Towobode recieved the specialized training, rather than falsely accusing Plaintiff of stealing his own Indigent Supply Envelope. Towobode could have called for a supervising officer like a sargent or Captain, or Towobode could have taken the Plaintiff's name and TDCJ # number and written a disciplinary, and let the due procedural process settle the matter.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 25 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

4:20-cv-279-P

The reason for suspicion arising in the first place that Plaintiff stole his own Indigent Envelope, was because when the mail arrived on the wing to be passed out, instead of Officer Towobade securing the mail as he should have done, there is a lock box for it, he left it out, unsecured.

So, when Officer Towobade seen the Plaintiff with his Indigent Supply Envelope, he assumed he stole it from the incoming mail, when actually Plaintiff brought the Indigent Supply Envelope from his cell to mail out as outgoing mail. Improper and rushed training is the reason Plaintiff sufferred being assaulted by Officer Towobade.

Many African Guards have a contemptuous attitude toward many of the black prisoners. They yell, harass and often write disciplinaries on inmates that are bogus.

Because of short staffing issues these officers are not corrected and continue to get worse with mistreatment of prisoners.

Officer Towobade violated PD-22 rule number 5 Reckless Endangerment (a.),(b.),(c.). Also, rule number 14 use of offensive words or actions

(a.),(b.),(c.). Towobade also violated rule number 23 Mistreatment of offenders.

Because of the failure of Lorie Davis to provide specialized training for the African employees and ignoring numerous grievances regarding these issues Plaintiff suffered cruel and unusual punishment under the ~~Eight Amendment~~ Eighth Amendment and a denial of Due Process, Due Procedural Process Substantive Due Process and Equal Protection of the Law and assaulted by Officer Towobade. Officer Towobade treated Plaintiff with willful neglect and deliberate indifference.

Defendant No.2.

Officer Towobode

On March 2nd 2020 Plaintiff was let out of his cell in order to go eat in the prison chow hall. While waiting, mail was delivered to the wing. Officer Towobode was the wing officer on this particular day. Officer Towobode upon recieving the mail rather securing the mail under lock and key as is the rule institutionally, officer Towobode placed the mail on top of the lock box unsecured and unattended.

So, when later Towobode seen Plaintiff with his own Indigent Supply Envelope, which he previously brought out of his cell before the mail ever arrived on the wing, Towobode approached Plaintiff aggressively yelling in an irate manner falsely accusing Plaintiff of stealing his own mail. Plaintiff tried to explain the fact that his mail was outgoing mail to be mail out on his way to the chow hall, but Towobode enraged yelling at Plaintiff and striking Plaintiff in the

face with the Indigent Supply Envelope after he had abruptly jerked it away from Plaintiff. These actions by Officer Towobode were a clear violation of P.D-22 rule No.2-1(C.) Use of Excessive or Unnecessary Force, for the purpose of intimidation and punishment, and coercion. Officer Towobode assaulted Plaintiff.

Officer Towobode's actions violated Plaintiff's Eighth Amendment Right pertaining to cruel and unusual punishment making Plaintiff's incarceration undue and oppressive. Plaintiff was denied Due Process under the Fourteenth Amendment Due Procedural Process and Substantive Due Process. Towobode decided that Plaintiff was guilty and punished Plaintiff how it seem fit to him, rather than used the disciplinary process.

Officer Towobode violated rule 37 under the P.D. 22's Misconduct Level 4. Towobode's conduct had an adverse impact upon the integrity of TDCJ he violated the safety and security for the Plaintiff and himself as well. This is willful Neglect and deliberate indifference towards Plaintiff.

Defendants No. 3, pertains to and are identified to be all three Wardens at the George Beto Unit. These Wardens are responsible for the unconstitutional misconduct and mistreatment imposed upon Plaintiff by Officer Towobode.

The Wardens ignore grievances by inmates and phone calls by inmates families dealing with the misconduct and mistreatment done to inmates in particular, by the African Guards. This wilful neglect and deliberate indifference regarding complaints and grievances about these African Guards, caused Officer Towobode to think violating Plaintiff's rights were acceptable and no disciplinary actions against him would be taken. Towobode even made this statement to the Plaintiff that nothing would be done about his actions toward Plaintiff.

The Wardens also circumvent and delay grievance process by not signing off on the step one grievances to stop or delay the step two which amounts

to a deprivation of Plaintiff's First Amendment Right under access to the Court and Freedom of Speech, and a show of neglecting of duty on the Wardens behalf all three Wardens that is, and a attitude of deliberate indifference towards Plaintiff for not signing off on the step one grievance to ensure Due Process, Due Procedural Process, is furnish for Plaintiff as he is entitled to such.

    The Wardens have done nothing to cure the issue of having one grievance officer, but they make sure the staffing that processes disciplinaries are adequately staffed.

    The Wardens are just as responsible for Plaintiff's deprivation of his Eighth Amendment Right and his Fourteenth Amendment Right.

Defendant No. 4. Unit Grievance Officer.

George Beto's Unit Grievance Officer is purposely obstructing and circumventing the grievance to hide and bury issues concerning Officer Towobode's assault of Plaintiff. The grievance will not return the step one grievance to Plaintiff therefore violating Plaintiff's Due Process Rights, Due Procedural Process Rights, and Substantive Due Process Rights under the Fourteenth Amendment, along with Plaintiff's First Amendment Right of access to Courts for redress of grievances and Freedom of Speech.

Deck v. Missouri 544 U.S. 622 630-31 125 S.Ct. 125

Robert F. Hallmon # 2274866
CIBRE to PRISON
1391 FM 3328 P.D. Box 128
TENNESSEE Colony, TEXAS
75880-0128

Legal Mail
(2of2)

United States District Court
Office of the Clerk
Northern District of Texas
501 West Tenth St. Room 310
Fort Worth, TEXAS 76102

76102-975599

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION