IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT F. HALLMAN, #2224866, § | |
| § | |
| Plaintiff, § | |
| § | Case No. 6:20-cv-160-JDK-KNM |
| v. § | |
| § | Lead Consolidated Case |
| DIRECTOR, TDCJ, et al., § | |
| § | |
| Defendants. § | |
| § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert F. Hallman, a former Texas Department of Criminal Justice inmate proceeding pro se, brings these civil rights lawsuits under 42 U.S.C. § 1983. The cases were referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The cases were consolidated for purposes of judicial economy.

On September 19, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims without prejudice for failure to exhaust the required administrative remedies. Docket No. 41. Judge Mitchell further found that, even if Plaintiff had exhausted administrative remedies before filing these lawsuits, his amended claims fail to state claims upon which relief may be granted. Plaintiff timely objected to the Report. Docket No. 42.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Frivolous, conclusory, or general objections need not be considered by the District Court. Rather, a party objecting to a Magistrate Judge's Report must specifically identify those findings in the Report to which he objects. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Pedro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

Here, Plaintiff's objections do not address the substance of Judge Mitchell's Report. Rather, he complains about how the consolidated member case was administratively closed and that the Report includes case citations "just to make an appearance of legitimacy." Docket No. 42 at 3.

District courts have both the specific and inherent power to control their own dockets "to control the disposition of the causes on its docket with the economy of time," which necessarily includes both consolidating and administratively closing cases. *See U.S. v. Colomb*, 419 F.3d 292, 293 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished). Contrary to Plaintiff's

contentions, the order of administrative closure specified that "all issues and all parties were consolidated into Civil Action 6:20cv160," the lead case. In other words, because all of Plaintiff's claims and arguments were addressed in this case, 6:20-cv-160, there was no need for the member case, 6:20-cv-183, to remain pending. *See* Case No. 6:20-cv-183, Docket No. 13.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 41) as the opinion of the District Court. Plaintiff's claims in these consolidated cases are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

In the interests of justice, however, the Court hereby suspends the statute of limitations for a period of sixty days from the date of Final Judgment. *See Campbell v. Wilkinson*, 988 F.3d 798. 801 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.").

So **ORDERED** and **SIGNED** this **17th** day of **October, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3